**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0016, <u>Victoria Pizz v. Kianoush Jebeli & a.</u>, the court on June 8, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Victoria Pizz, appeals an order of the Superior Court (<u>McNamara</u>, J.) dismissing her complaint against the defendants, Kianoush Jebeli and EAN Holdings, LLC, for lack of personal jurisdiction. We affirm.

The plaintiff seeks an award of damages arising out of a 2014 automobile collision with defendant Jebeli in Haverhill, Massachusetts. Jebeli had rented the car he was operating from a third party in Haverhill, Massachusetts; defendant EAN Holdings, LLC owned the rental car. Jebeli, a Massachusetts resident, was returning home from a Massachusetts restaurant at which he had stopped after leaving his place of employment in Nashua, and struck the plaintiff when he failed to stop at a stop sign, causing her to suffer personal injuries and property damage. Jebeli's only significant connection to New Hampshire, according to the trial court, was his employment.

In dismissing the complaint for lack of personal jurisdiction, the trial court observed, correctly, that the plaintiff had not claimed that Jebeli's contacts with New Hampshire were sufficiently "continuous and systematic" to justify the exercise of "general" jurisdiction. <u>See</u> <u>Fellows v. Colburn</u>, 162 N.H. 685, 691 (2011). Thus, the trial court addressed only whether Jebeli's New Hampshire contacts were sufficient to justify the exercise of "specific" jurisdiction and to satisfy the long-arm statute. <u>See</u> <u>id</u>. Although the plaintiff contends that Jebeli's employment in fact constituted "continuous and systematic" contact with New Hampshire so as to justify, alone, the exercise of jurisdiction, she does not dispute that she failed to argue in the trial court that the employment justified the exercise of general jurisdiction, or otherwise argue that the trial court erred by declining to address general jurisdiction. Accordingly, we, likewise, decline to address whether Jebeli's employment justified the exercise of general personal jurisdiction. <u>See</u> <u>id</u>. at 690 (plaintiff bears burden to establish personal jurisdiction); <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004) (declining to address arguments not raised at trial).

"Specific" jurisdiction, or jurisdiction exercised over a defendant when the "cause of action arises out of or relates to the defendant's forum-based contacts," <u>Fellows</u>, 162 N.H. at 691 (quotation omitted), may be exercised only

if: "(1) the contacts relate to the cause of action; (2) the defendant has purposefully availed [him]self of the protection of New Hampshire's laws; and (3) it would be fair and reasonable to require the defendant to defend the suit in New Hampshire," id. In concluding that it could not exercise jurisdiction over Jebeli, the trial court reasoned that, because any injuries suffered by the plaintiff occurred simultaneously with the Massachusetts collision, they necessarily occurred in Massachusetts, and that, although Jebeli may have been returning from work at the time of the collision, the commute itself was not within the scope of his employment. Thus, the trial court ruled that the plaintiff's cause of action neither arose out of nor related to a tortious act within the forum or Jebeli's forum-based contacts. The trial court further reasoned that the plaintiff had not established that Jebeli purposely availed himself of the protections of New Hampshire's laws, rejecting the plaintiff's argument that merely commuting to and from a job in New Hampshire would render litigation in New Hampshire over a Massachusetts collision foreseeable.

On appeal, the plaintiff argues that the trial court erred by determining that Jebeli's tortious conduct did not cause injury in New Hampshire. Relying upon Kimball Union Academy v. Genovesi, 165 N.H. 132 (2013), she argues that, because she alleged that Jebeli's "tortious acts . . . caused injury to the Plaintiff, a New Hampshire resident," Jebeli necessarily caused injury to occur in New Hampshire. We note, however, that the claim in Genovesi concerned a negligently-prepared engineering design that was subsequently utilized in a New Hampshire construction project. See id. at 135, 137. The plaintiff does not contest the trial court's observation that her injuries occurred simultaneous to the Massachusetts collision. Nor does she cite evidence proffered in opposition to the motion to dismiss which, when considered "in the light most congenial to the plaintiff's jurisdictional claim," establishes that the collision caused injuries that occurred in New Hampshire. Id. at 136 (quotation omitted) (explaining prima facie standard of review applicable to a decision on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing). The plaintiff further argues that, because Jebeli was returning home from work in New Hampshire at the time of the collision, his New Hampshire employment "creates a sufficient nexus with her claim" as to be related to it for purposes of specific personal jurisdiction. She cites no legal authority that stands for this proposition. Finally, the plaintiff argues that Jebeli's New Hampshire employment established that he purposefully availed himself of New Hampshire law, and rendered it fair and reasonable for him to have to answer the present suit in New Hampshire. We note that none of the plaintiff's arguments on appeal addresses the trial court's conclusion that it lacked personal jurisdiction over defendant EAN Holdings, LLC.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our

2

review of the trial court's order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.


**Eileen Fox,**
**Clerk**